# SUPREME COURT.

### GILES P. GRANT agt. MELVIN POWER and JOHN RAPELJE.

A *sham answer* must be understood now as a *sham plea* was formerly, which was a *special plea, false* and *specious*—one which set up *new matter*.

Therefore, an answer which merely denies the allegations of the complaint, but sets up no new matter, cannot be stricken out as sham or false.

The Code confers on the court no new power in reference to striking out sham and false defences. Its terms are to be construed with reference to the legal language in use when it was adopted.

*Monroe Special Term, June*, 1856.

MOTION to strike out the answer of defendants as sham and false, on affidavits of its falsity. The action was upon two promissory notes. The complaint was not sworn to. The answer consisted of a simple denial of each and every allegation contained in the complaint.

LYSANDER FARRAR, *for plaintiff*.
J. P. FAUROT, *for defendants*.

By the court—E. DARWIN SMITH, Justice. When this motion was made at the last special term, I intimated that in my opinion the motion ought not to be granted; and stated that on the question presented I concurred fully in the views expressed by Judge MITCHELL upon a similar motion in 7 *Howard*, 171; S. C., in 14 *Barbour*, 393. But, it being suggested that my brethren had held otherwise, separately, and at general term, I retained the papers to confer with them before deciding the motion. I find that Judge STRONG has granted motions like this, and has struck out a general denial as false and sham on several occasions, and that his decision in one case was affirmed at general term. Judge WELLES has decided otherwise at special term, since the decision at general term, and considers that case as governed by other, and its own particular circumstances.

Judge STRONG, on the contrary, adheres to that decision, and follows it.

Judge WELLES now concurs with me in the opinion that the motion in this case ought not to be granted, and that to grant it is virtually to repeal subdivision 1 of section 149 of the Code, which expressly gives the right to put in such answer.

The power of this court to strike out false and sham pleas, was frequently exercised, and was unquestioned before the Code. The Code confers on the court no new power on the subject. Its terms are to be construed with reference to the legal language in use when it was enacted. *Sham* pleas, even at that time, were understood to be *special pleas, false* and *specious*. I concur in the views of Judge HARRIS, in 7 *Howard,* 59, *White* agt. *Bennet.* A *sham* plea must be one which sets up *new matter;* not a plea merely denying some allegation of the complaint. (*Benedict* agt. *Tanner,* 10 *Howard,* 455; *Godell* agt. *Robinson,* 1 *Abbott,* 116; *Winne* agt. *Sickles,* 9 *Howard,* 217.)

The motion must be denied; but without costs.